**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Kenneth Wilson Teal, | |
| **Plaintiff,** | |
| vs. | **COMPLAINT** |
| United States of America, | |
| **Defendant.** | |

The Plaintiff, Kenneth Wilson Teal ("Plaintiff"), by and through the undersigned, alleges as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680, because it seeks monetary damages against the United States for personal injury and property damage caused by the negligent acts or omissions of employees of the United States acting within the scope of their office or employment.

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b)(1).

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1402(b), because Plaintiff resides in this District and because the acts or omissions giving rise to this action occurred in Chesterfield County, South Carolina, within this District.

4.      Prior to filing suit, Plaintiff timely presented an administrative tort claim to the appropriate federal agency, the United States Department of Agriculture, on Standard Form 95, including a written description of the claim and a sum certain demand.

1

5. The agency denied the claim in writing by letter dated May 14, 2026, and this action was filed within six months of that denial. Plaintiff seeks recovery no greater than the sum certain presented in the administrative claim, except to the extent otherwise permitted by law.

6. Plaintiff is a resident of Chesterfield County, South Carolina.

7. Defendant United States of America is responsible for the acts and omissions of its agencies and employees acting within the course and scope of their employment, including but not limited to the Department of Agriculture ("USDA"), Farm Service Agency ("FSA"), and the Natural Resources Conservation Service ("NRCS"). To the extent any federal contractor, consultant, or other nonemployee is implicated in the underlying events, Plaintiff alleges on information and belief that the relevant negligent conduct at issue was committed, directed, controlled, or adopted by federal employees, or was otherwise attributable to the United States under the FTCA.

8. This matter is to be tried by the Court pursuant to the Federal Tort Claims Act.

### FACTUAL ALLEGATIONS

9. On May 4, 2025, at approximately 3:30 a.m., Plaintiff was traveling by motor vehicle on Zoar Road (S-23) near the Westfield Creek bridge in Chesterfield County, South Carolina.

10. At that time, a large tree or substantial portion thereof was downed across the roadway.

11. Due to the darkness, lack of warning, and presence of the obstruction, Plaintiff could not avoid the obstruction and collided with the downed tree.

12. As a direct result of the collision, Plaintiff sustained severe and permanent injuries and related damages.

13.    The area on Zoar Road near Westfield Creek where the collision occurred includes property subject to a perpetual federal conservation easement held by or for the benefit of the United States.

14.    The federal conservation easement held by the United States, acting through the appropriate federal agency or agencies, granted the United States authority to manage, monitor, and implement hydrologic, wetland, vegetation, and restoration activities within the easement area, including activities affecting surrounding drainage conditions.

15.    Through its employees and agencies, including the USDA, FSA, and NRCS, the United States undertook or directed wetland restoration, drainage, hydrologic management, monitoring, or related activities affecting that area.

16.    Through affirmative acts and omissions in the design, implementation, and maintenance of its hydrologic and restoration activities, the United States altered the movement, retention, and saturation of surface and subsurface water in a manner that foreseeably extended beyond the easement boundary and affected adjacent property.

17.    As a result of those federal acts and omissions, soils on adjacent property, including the area supporting the subject tree, experienced prolonged saturation, root stress, decay, and structural decline.

18.    Beginning no later than, approximately, 2020, hydrologic conditions in the area materially changed, including increased water retention, expansion of standing water, and prolonged soil saturation.

19.    Those conditions extended beyond the exact boundaries of the easement and affected adjacent parcels and the tree line along the Zoar Road corridor.

20.     Prolonged soil saturation caused root stress, decay, and mortality in mature trees across and in the affected area.

21.     The decline of trees was part of a broader, observable environmental change in the corridor and was not isolated to a single tree.

22.     Although the subject tree was located on adjacent property and not within the easement boundaries, it was sufficiently close to the easement area that the prolonged hydrologic changes alleged herein foreseeably affected its root system and structural stability.

23.     The tree or portion of the tree that fell into the roadway and caused Plaintiff's injuries was one of these trees affected by those conditions.

24.     Trees affected by prolonged flooding and root deterioration were subject to increased risk of limb failure and trunk failure.

25.     Although Plaintiff is not presently aware of any prior specific complaint or report to the United States concerning the subject tree, the tree's condition was sufficiently longstanding, visible, and discoverable through reasonable inspection and monitoring that the United States should have known of the hazard.

26.     Plaintiff is informed and expects to prove through retained arborist testimony that the subject tree was dead, dying, or structurally compromised for a substantial period before the collision, with visible signs of decline that a reasonable inspection program would have detected.

27.     Those conditions developed over a substantial period before the collision and, on information and belief, would have been observable through reasonable inspection by those responsible for the area.

28.     Trees located within falling distance of Zoar Road, including the subject tree, posed a foreseeable danger to motorists.

4

29.     The hazards were reasonably discoverable through ordinary monitoring, site awareness, inspection, or complaint response.

30.     Despite creating, permitting, or materially contributing to hydrologic conditions that caused tree decline, the United States failed to take reasonable steps to identify, mitigate, warn of, or remove the resulting hazard.

31.     Those conditions existed for a sufficient period that federal personnel, through reasonable care, could and should have detected the risk to motorists.

32.     Specifically, the United States failed to:

a.  Evaluate the impact of hydrologic conditions on vegetation adjacent to Zoar Road.

b.  Identify dead, dying, or hazardous trees within striking distance of the roadway.

c.  Coordinate with appropriate authorities regarding dangerous conditions.

d.  Mitigate or warn of foreseeable risks to motorists.

33.     The hydrologic and environmental conditions created or materially contributed to by the United States caused the decline and failure of the subject tree.

34.     The fallen tree in the roadway directly caused Plaintiff's collision and injuries.

35.     Plaintiff's injuries were a foreseeable result of those conditions and omissions.

### FOR A FIRST CAUSE OF ACTION
**(Negligence – Federal Tort Claims Act)**

36.     Plaintiff reiterates and realleges each and every Paragraph above as if set forth herein, verbatim.

37.     The United States, through its employees acting within the scope of employment, owed Plaintiff a duty under applicable South Carolina negligence principles and under the

federal management obligations applicable to the property and corridor at issue to use reasonable care in the monitoring, maintaining, inspecting, and remediating hazardous conditions affecting public-roadway safety.

38.    The United States breached its duty by failing to reasonably inspect, monitor, and respond to a foreseeable hazard created or materially worsened by its hydrologic activities, including a tree condition that should have been discovered through ordinary inspection.

39.    The United States further breached its duty by:

    a.    Creating or contributing to hydrologic conditions causing widespread tree instability.

    b.    Failing to reasonably monitor and assess resulting hazards, including trees that posed a risk to motorists on the highway.

    c.    Failing to coordinate with appropriate authorities regarding remedying dangerous conditions.

    d.    Failing to address foreseeable risks to motorists through inspection, warning, or removal of the hazard.

    e.    Failing to act with reasonable care under the circumstances.

40.    Plaintiff's claim is based on operational negligence in the implementation and management of physical conditions on the ground, not on a protected policy choice.

41.    To the extent any discretion existed, the United States failed to exercise reasonable care in carrying out its operational duties and in responding to a known or knowable roadway hazard.

42.    As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe damages.

## DAMAGES

43.     Plaintiff reiterates and realleges each and every Paragraph above as if set forth herein, verbatim.

44.     Plaintiff sustained severe injuries, including re-injury of a surgically repaired rotator cuff requiring revision surgery, spinal injuries necessitating multiple surgeries, significant medical expenses, pain and suffering, permanent impairment, lost wages, loss of earning capacity, and property damage.

45.     Plaintiff's damages are substantial, continuing, and supported by the medical and economic losses arising from the collision.

46.     Plaintiff seeks recovery in an amount not to exceed the sum certain stated in his administrative claim, together with costs allowed by law.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant for actual damages, costs of this action, and such other relief as the Court deems just and proper.

Respectfully submitted,


*s/R. Edward Henderson, Jr.*
R. Edward Henderson, Jr., Fed. ID No. 12734
TEMPLE & HOGSETTE LAW GROUP, LLC
170 Courthouse Square
P. O. Box 1770
Florence, South Carolina 29503
843.662.5000
rehenderson@thlawsc.com

*Attorneys for Plaintiff*

June 1, 2026